|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DEAN MARTIN SEALEY, | Case No. 1:23-cv-00253-ADA-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIMS AGAINST DEFENDANTS STEVE, FAGUNDES, AND DUSTIN, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED |
| v. | |
| T. CISNEROS, et al., | |
| Defendants. | |
|  | (ECF No. 1) |
|  | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Dean Sealey ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes a state law claim. Plaintiff filed the case commencing this action on February 21, 2023. (ECF No. 1). Plaintiff alleges that he was severely injured while trying to clean a machine that he was directed to clean, even though he had no training, experience, or supervision. The complaint is now before this Court for screening.

The Court has reviewed the complaint. For the reasons described below, the Court will

recommend that this action proceed on Plaintiff's Eighth Amendment conditions of confinement claims against defendants Steve, Fagundes, and Dustin. The Court will also recommend that all other claims and defendants be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\
\\\

**II.     SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges as follows in his complaint:

The incidents occurred at California Substance Abuse Treatment Facility and State Prison.

On April 21, 2022, Plaintiff was assigned to the California Prison Industry Authority. His job title was Package Handler.

On August 30, 2022, Plaintiff's supervisor, defendant Dustin, ordered Plaintiff to work in the peanut butter and jelly section. On this day, Plaintiff's supervisors, defendants Steve, Fagundes, and Dustin, had decided to experiment with processing hummus through the jelly processing system. This clogged up the entire system. It was at this time Plaintiff and another inmate were given a direct order by Plaintiff's supervisors to clean inside the pipes and pumps. Plaintiff had no formal training on the pump and pipe system, and Plaintiff's supervisors knew this. In the process of cleaning inside the pipes and pumps, due to Plaintiff's inexperience, lack of training, and lack of supervision, Plaintiff was severely injured while attempting to remove the gasket from the pump. Plaintiff's left index finger came into contact with a propeller spinning at a rate of one thousand miles per hour. Plaintiff's left index finger was shredded, and had to be surgically amputated.

Defendants Steve, Fagundes, and Dustin subjected Plaintiff to a prison condition that violated Plaintiff's constitutional rights.

All of the supervisors were experienced industrialist employees that knew the ins and outs of their factory, as well as the chance and possibility of injury to an inexperienced inmate with no form of training that is required in any commerce setting by the California Division of Occupational Safety and Health, which was established by the California Occupational Safety and Health Act of 1973.

Defendants failed to train and/or supervise Plaintiff, and that failure to train or supervise reflected a deliberate or conscious choice by Defendants.

Instead of having Plaintiff clean the clogged machine, Defendants could have called a professional maintenance worker.

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

B. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and

harsh.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation.  Farmer, 511 U.S. at 834.  "First, the deprivation alleged must be, objectively, sufficiently serious."  Id. (citation and internal quotation marks omitted).  Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference."  Id. (citations and internal quotation marks omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that his supervisors, defendants Steve, Fagundes, and Dustin, decided to experiment with processing hummus through the jelly processing system, and clogged the system.  They then ordered Plaintiff, whose job title was Package Handler and who they knew had no training on the pump and pipe system, to clean inside the pumps and pipes.  Inside the machine there was a propeller spinning at a rate of one thousand miles per hour, and Plaintiff's finger came into contact with this propeller.  This shredded Plaintiff's finger, which had to be surgically amputated.

Liberally construing the allegations in Plaintiff's complaint, the Court finds that

Plaintiff sufficiently alleges that defendants Steve, Fagundes, and Dustin knew of and disregarded a serious risk to Plaintiff's safety, leading to a serious injury. Accordingly, the Court finds that Plaintiff's Eighth Amendment conditions of confinement claims against defendants Steve, Fagundes, and Dustin should proceed past screening.[1]

### C. State Law Claims

Plaintiff brings a claim under the California Constitution. However, Plaintiff has not pled compliance with California's Government Claims Act. California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person or to personal property" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff fails to state any state law claims because he has not alleged facts demonstrating or excusing compliance with California's Government Claims Act. Moreover,

---

[1] It appears that Plaintiff is only attempting to bring a conditions of confinement claim against these three defendants. No other defendants are mentioned in the fact section, and Plaintiff does not request relief against any other defendant. Additionally, in a section titled "Defendants," only Steve, Fagundes, and Dustin are listed as defendants. (ECF No. 1, pgs. 7). However, at one point in his complaint Plaintiff asserts he is suing these three defendants, as well as "all supervisor[]s" who subjected him to a substantial risk of serious harm. (ECF No. 1, p. 1). Additionally, Plaintiff lists T. Cisneros, the Warden, John Doe, the CEO of the Prison Industry Authority, and Bill Davidson, the General Manager of the Prison Industry Authority, in the caption(s) of his complaint. (ECF No. 1, pgs. 1 & 6). To the extent Plaintiff is attempting to bring a claim against these defendants, the Court finds that Plaintiff fails to state a claim because there are no factual allegations regarding the conduct of any of these defendants. Thus, Plaintiff fails to connect any of these defendants to the alleged constitutional violation.

[2] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

Plaintiff brings a claim under Article 1 § 17 of the California Constitution,[4] but this section does not provide a private right of action for money damages.  Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 256 (2008) ("[W]e conclude there is no basis to recognize a claim for damages under article I, section 17 of the California Constitution."); Asberry v. Relevante, 2018 WL 4191863, at *7 (E.D. Cal. Aug. 31, 2018), report and recommendation adopted, 2018 WL 4616383 (E.D. Cal. Sept. 24, 2018) ("The court should follow the *Giraldo* decision and hold that Article I, Section 17 provides no private right of action for damages."); O'Brien v. Reed, 2022 WL 18027819, at *8 (E.D. Cal. Dec. 30, 2022), report and recommendation adopted, 2023 WL 2696662 (E.D. Cal. Mar. 29, 2023) ("Plaintiff is precluded from bringing a claim under section 17 of the California Constitution for money damages.").

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint and finds that this action should proceed on the following claims: Plaintiff's Eighth Amendment conditions of confinement claims against defendants Steve, Fagundes, and Dustin.  The Court also finds that all other claims and defendants should be dismissed.

The Court will not recommend that leave to amend be granted.  As discussed above, Plaintiff only appears to be bringing Eighth Amendment claims against defendants Steve, Fagundes, and Dustin, and the Court has found that these claims should proceed past screening.  As to Plaintiff's claim under Article 1 § 17 of the California Constitution, as discussed above, Plaintiff does not plead compliance with the Government Claims Act, and even if he had, Article 1 § 17 does not create a claim for damages.  Accordingly, leave to amend as to this claim would be futile.[5]

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:
1. This case proceed on Plaintiff's Eighth Amendment conditions of confinement claims against defendants Steve, Fagundes, and Dustin; and

---

[4] This section states: "Cruel or unusual punishment may not be inflicted or excessive fines imposed." Cal. Const. art. I, § 17

[5] If Plaintiff believes that he can cure the deficiencies identified by the Court, he should explain how in his objections to these findings and recommendations.

8

        2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 23, 2023**          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE