UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MARTIN SEALEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUSTIN FAGUNDES, et al.,<br><br>　　　　　Defendants. | Case No.   1:23-cv-00253-ADA-EPG<br><br>ORDER PERMITTING LIMITED DISCOVERY<br><br>(ECF No. 14) |

　　　　Plaintiff Dean Martin Sealey is as state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Steve and Dustin Fagundes. (ECF No. 11). On August 8, 2023, a CDCR notice of e-service waiver was returned, waiving service for Defendant Dustin Fagundes but noting "unable to identify" for Defendant Steve. (ECF No. 14) (capitalization omitted). To be able to proceed against Defendant Steve, Plaintiff must identify and serve this Defendant.

　　　　Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum to a third party for the limited purpose of identifying Defendant Steve for the claims that proceed in this case. *See Malibu Media, LLC v. Doe*, 319

1

F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will allow Plaintiff to seek discovery through a subpoena duces tecum to request documents related to the identity of Defendant Steve. If Plaintiff wishes to use such a subpoena, he should fill out form AO 88B (a subpoena form), which the Court will have sent to Plaintiff, and return it to the Court. He should also identify with specificity the documents he is seeking and the person or entity he is seeking the documents from. Plaintiff should only request documents that may assist him in identifying Defendant Steve.

Additionally, Plaintiff has a choice about how to serve any subpoena on a person or entity. Because Plaintiff is not proceeding *in forma pauperis* in this case, he will be required to serve and bear the costs of service for any subpoenas that are issued. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). Thus, the Court can authorize the United States Marshals Service to serve the subpoena, however Plaintiff will be required to pay the cost of service. Plaintiff is directed to 28 C.F.R. § 0.114, which sets out the fees that the United States Marshals Service charges for service, including "$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses." If Plaintiff wishes for the United States Marshals Service to serve his subpoena, Plaintiff must also return form USM-285. **If the Court does not receive USM-285, it will assume Plaintiff does not want the Marshals' assistance and will not direct the Marshals Service to serve the subpoena.**

Alternatively, Plaintiff may seek to serve the subpoena by another means, keeping in mind the above requirements of Federal Rule of Civil Procedure 45(b)(1).

Regardless, Plaintiff has 120 days from the date of service of this order to identify and file a motion to substitute Defendant Steve. Failure to file a motion to substitute by this deadline may result in the dismissal of Defendant Steve. It is Plaintiff's responsibility to seek documents to identify this Defendant in this period.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to send Plaintiff form AO 88B (a subpoena form) and form USM-285 (a United States Marshals form for process receipt and return).
2. If Plaintiff wishes to seek documents from a person or entity regarding Defendant Steve, Plaintiff has thirty (30) days from the date of service of this order to complete and return form AO 88B.
3. Additionally, if Plaintiff wishes the Unites States Marshals to serve any such subpoena, knowing that Plaintiff must pay the cost of service, Plaintiff shall also fill out and return USM-285.
4. Plaintiff has one-hundred and twenty days (120) days from the date of service of this order to identify and file a motion to substitute Defendant Steve.
5. Plaintiff is not authorized to serve any other discovery outside the scope of this order without first filing a motion seeking leave to do so.
6. Failure to comply with this order may result in the dismissal of Defendant Steve.

IT IS SO ORDERED.

Dated:  **August 9, 2023**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE