UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MARTIN SEALEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DUSTIN FAGUNDES, et al.,<br><br>    Defendants. | Case No.  1:23-cv-00253-ADA-EPG<br><br>ORDER DENYING MOTION TO APPOINT *PRO BONO* COUNSEL<br><br>(ECF No. 29) |

    Plaintiff Dean Martin Sealey is a state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Steve Souza and Dustin Fagundes. (ECF Nos. 11, 25).

    Now before the Court is Plaintiff's motion to appoint *pro bono* counsel. (ECF No. 29). As grounds, Plaintiff states that he is incarcerated and cannot afford an attorney.

    Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of *pro bono* counsel at this time. The Court has reviewed the record in this case and at this time the Court is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 29) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 26, 2023**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE