UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MARTIN SEALEY,<br>Plaintiff,<br>v.<br>DUSTIN FAGUNDES, et al.,<br>Defendants. | Case No. 1:23-cv-00253-KES-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO (1) GRANT IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 47, 48, 52, 54) |

Plaintiff Dean Martin Sealey is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 13, 2024, the assigned magistrate judge issued findings and recommendations, recommending that: (1) defendants' motion for summary judgment be granted as to defendant Souza and denied as to defendant Fagundes; and (2) plaintiff's motion for summary judgment be denied. Doc. 52. On December 20, 2024, defendant Fagundes filed objections to the findings and recommendations. *See* Doc. 54. On January 10, 2025, plaintiff filed a response to defendant's objections. *See* Doc. 55.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of this case. Having carefully reviewed the file, including the objections and response to the objections, the court concludes the findings and recommendations are supported by the record and proper analysis.

In his objections, defendant Fagundes argues that the findings and recommendations erred in finding that he was deliberately indifferent to safety risks that endangered plaintiff's health and caused undue pain, resulting in plaintiff's finger being seriously injured and partially amputated, and erred by inadequately addressing defendants' causation arguments. *See* Doc. 54 at 1.

First, defendant Fagundes asserts that the findings and recommendations erred in finding that he was deliberately indifferent to the serious safety risks to plaintiff, as Fagundes argues that the "clean in place" ("CIP") process that he instructed plaintiff to perform did not require plaintiff to place his hand in the machine, which resulted in plaintiff's injury. *See* Doc. 54 at 4. Fagundes asserts that another individual, not a party to this action, instructed plaintiff Sealey to check the gasket on the machine, and Fagundes was "not aware" of that instruction.[1] *See* Doc. 54 at 4. Fagundes also asserts that there is no evidence he directly instructed plaintiff and other inmates to work on the internal portions of the machinery. *Id.*

The relevant issue is whether there is sufficient evidence on which a jury could find that Fagundes was deliberately indifferent in exposing plaintiff to safety risks that endangered plaintiff's health and caused him undue pain. *See Johnson v. Kendrick*, No. 1:20-CV-00992-HBK (PC), 2023 WL 11821201, at *2 (E.D. Cal. Apr. 14, 2023) (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)) ("Prison officials must provide inmates with a reasonably safe living and working environment," and "[e]xposing prisoners to environmental hazards . . . can violate the Constitution if defendants are aware of the potential health hazard and deliberately indifferent to its risk" (internal quotations and citations omitted)). The magistrate judge did not err in finding material disputed facts concerning whether Fagundes was deliberately indifferent in this regard in violation of the Eighth Amendment. *See* Doc. 52.

Viewing the evidence in the light most favorable to plaintiff, a jury could find that (i) plaintiff's normal duties did not involve cleaning the machine and he had never before been

[1] Plaintiff argues that Fagundes was aware of the cleaning instruction because he was in the office as supervisor and communicating with Villagrana, and Fagundes tried to "deceive the court with distortion." *See* Doc. 55 at 2-5.

asked to clean it, (ii) Fagundes nonetheless directed plaintiff to carry out the CIP cleaning of the machine, without having provided plaintiff with prior training on the machine or on how to conduct the CIP process, (iii) Fagundes failed to provide safety instructions to plaintiff regarding the cleaning of the machine, (iv) Fagundes had replaced the normal gasket on the machine with a gasket *without* a screen, to allow for a better flow of the food product during the processing, thereby leaving the blades on the machine exposed when plaintiff checked the gasket, (v) Fagundes failed to inform plaintiff or other inmates of this change, (vi) Fagundes told plaintiff he would be trained by another individual while doing the CIP process, and plaintiff accordingly followed the further instructions he was provided, and (vii) Fagundes failed to inform plaintiff that the machine would remain on during the cleaning process, and plaintiff remained unaware that the machine was still on. *See* Doc. 52 at 8–10. The findings and recommendations did not err in finding that a jury could find that Fagundes was deliberately indifferent by failing to take reasonable measures to ensure plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates.").

Second, Fagundes argues the findings and recommendations erred in determining that a jury could find his failure to train plaintiff to be the actual and proximate cause of plaintiff's injury, because plaintiff had previously been trained not to put his hands inside machinery in operation, and Fagundes did not directly instruct him to do so. *See* Doc. 54 at 5–6. But, as noted above, there are material disputes as to whether plaintiff was informed or aware that the machinery was still on and in operation, and as to Fagundes's alleged failure to provide any training or safety instruction to plaintiff on the cleaning of the machine. *See* Doc. 52. While Fagundes argues that the injury resulted from plaintiff "defying his training and putting his hand inside moving machinery," Doc. 54 at 6, that argument is based on facts in material dispute—*i.e.*, whether plaintiff had received any such training with respect to the machine and whether he knew it was still on. Viewing the evidence in the light most favorable to plaintiff, there is sufficient evidence from which a reasonable jury could find defendant's conduct was the actual and proximate cause of plaintiff's injury.

Based on the material disputed facts, the findings and recommendations correctly found that neither defendant Fagundes nor plaintiff Sealey were entitled to summary judgment.

Accordingly, IT IS ORDERED:

1. The findings and recommendations issued on December 13, 2024 (Doc. 52) are ADOPTED.
2. Defendants' motion for summary judgment (Doc. 48) is GRANTED IN PART and DENIED IN PART. Specifically, summary judgment is GRANTED as to defendant Souza and he is dismissed from this action, and summary judgment is DENIED as to defendant Fagundes.
3. Plaintiff's motion for summary judgment (Doc. 47) is DENIED.
4. The Clerk of Court is directed to terminate Souza as a defendant from this action.
5. This action proceeds only on plaintiff's claim that defendant Fagundes was deliberately indifferent to an excessive risk to plaintiff's safety in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated: September 18, 2026

UNITED STATES DISTRICT JUDGE